UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| AMANDA GATLIFF, ) <br> ) <br> Petitioner, ) <br> ) <br> V. ) <br> ) <br> FIRESTONE INDUSTRIAL PRODUCTS ) <br> COMPANY, LLC, ) <br> ) <br> Respondent. ) | Civil No. 12-17-GFVT <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Firestone removed this case from Whitley Circuit Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. [R. 1.]  In her state court complaint, Gatliff alleged that Firestone violated her rights under the Kentucky Civil Rights Act (KCRA) and committed the tort of intentional infliction of emotional distress (IIED).  [R. 1, Ex. 1 at 6-7.]  For these injuries, Gatliff sought compensatory damages, punitive damages, and costs and attorney's fees. [*Id*. at 7.] The Complaint, in accord with Kentucky's civil procedure rules, only offered that Gatliff desired compensatory damages in excess of $4,000, punitive damages in excess of $4,000, and lost wages and benefits that exceed $4,000, in addition to costs and fees. [*Id.*]  After reviewing the Notice of Removal, [R. 1] the Court issued a show cause order requiring Firestone to explain how the amount in controversy requirement under 28 U.S.C. § 1332 had been satisfied. [R. 3.] Firestone responded, providing some concrete damage figures, but when aggregated, these damages still failed to exceed $75,000. [R. 8.]  Because the Court finds that the concerns

1

expressed in the show cause order were not adequately addressed, the current action must be remanded to state court.

## I.

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This court has original "diversity" jurisdiction of all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" those who are "citizens of different states." *See* 28 U.S.C. § 1332(a)(1).[1] The Court determines the amount in controversy as it exists at the time of removal. *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). A removing defendant bears the burden of proving by a preponderance of the evidence that removal was proper. *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (rev'd on other grounds by *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010)). Because federal courts are courts of limited jurisdiction, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990) (citations omitted).

## II.

This case involves a statutory claim, which limits recovery to "actual damages sustained, together with the costs of the law suit," Ky. Rev. Stat. § 344.450, and a tort claim for intentional

---

[1] Here, there is no dispute regarding diversity.

infliction of emotional distress, for which compensatory and punitive damages are requested. [R. 1, Ex. 1 at 7.]  Based on the Complaint, $12,000 is the minimum amount in controversy and is expressed in the manner prescribed by Kentucky Rule of Civil Procedure 8.01, which states: "In any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court . . . ." Kentucky Civil Rule 8.01(2).  Because of this rule, this district has suggested that a defendant who is faced with an indeterminate state court complaint ought to make an independent inquiry as to the extent of the plaintiff's damages prior to filing the notice of removal, or run the risk of remand.  *Cole*, 728 F. Supp. at 1309.  This Court has held that a defendant cannot satisfy his burden merely by making a conclusory assertion that the amount in controversy requirement is met. *Id*. at 1308.

Firestone removed because it believes that a fair reading of the Complaint indicates the actual amount in controversy is much higher than $12,000, and in fact exceeds $75,000.  Firestone justifies its argument by aggregating several different types of damages.  Initially, Firestone describes Gatliff's KCRA claim, explaining that the salary she could recover as of the day the suit was filed amounts to $21,628.32. [R. 11 at 4.]  By the time the suit was removed approximately one more month had passed, adding $2,703 to that total.  Thus, at the time this suit was removed—the moment at which the amount in controversy is measured, *see Rogers*, 230 F.3d at 871—Gatliff's lost wages totaled $24,331.32.  Firestone adds that Gatliff's health, dental, and vision benefits were valued at $3,348 per year, [R. 11 at 4 n.4] meaning her total lost compensation reaches about $27,679.32.  In achieving the remaining $47,320.69 needed to obtain federal diversity jurisdiction, Firestone relies on speculation that is of insufficient weight to overcome the preponderance standard it must bear.

Firestone relies on the KCRA's provision that attorney's fees can be recovered, and suggests that $25,000 might be a good estimate. [R. 11 at 5]  Firestone also points to Gatliff's IIED claim and posits that "it is more likely than not that the Plaintiff will claim damages in an amount far in excess of her lost wages to date." [*Id*.]  This may be so, but Firestone neglected to ascertain that answer in an appropriate manner (e.g. by an interrogatory), choosing instead to offer pure conjecture.

While the Court recognizes that the clarity of the amount in controversy on the face of the complaint will vary, and that the amount does not need to be proven to a legal certainty, Firestone requires the Court to do too much prognosticating here.  The fact that Gatliff has asserted two different claims and seeks several types of damages, including punitive damages, is not enough.  *See King v. Household Finance Corp. II*, 593 F. Supp. 2d 958, 959 (E.D. Ky. 2009). In the Notice of Removal, Firestone merely avers that the amount in controversy exceeds $75,000. [R. 1 at 2].  Firestone did not, however, submit answers to interrogatories or any other evidence indicating that the amount in controversy is met.  This was a relatively simple option that would have adequately responded to the show cause order.  Instead, Firestone relied on the fact that Gatliff has sought several types of damages, including punitive damages, when it concluded that "fair reading" of the complaint proves that the amount in controversy requirement must be met. [R. 5, 3-5].  It is as if Firestone is saying, "there are several claims for damages, they must add up to another $47,000."  But such a guess fails to exceed the "more likely than not" threshold.

By remanding the case at this juncture, the Court does not deprive Firestone of its only chance to remove to federal court.  Under 28 U.S.C. § 1446(b), a defendant may remove from state to federal court within thirty days after the receipt of "an amended pleading, motion, order

4

or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than one year after commencement of the action." 28 U.S.C. § 1446(b).  "In other words, the 30-day clock stands still 'until the defendant receives discovery responses showing that the amount in controversy exceeds the jurisdictional amount.'" *May v. Wal-Mart Stores, Inc.,* 751 F. Supp. 2d 946, 953 (E.D. Ky. 2010) (quoting *King*, 593 F. Supp. 2d at 960 n.2).

### III.

Accordingly, the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1.  This action is **REMANDED in its entirety** to the Whitley Circuit Court from which it was removed; and

2.  This matter is **STRICKEN** from the Court's active docket.

This 5th day of April, 2012.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge